UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT EARL LEONARD (#559290)

VERSUS                                              CIVIL ACTION

SHERIFF WILLIE GRAVES, ET AL                        NUMBER 10-485-FJP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, July 26, 2010.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT EARL LEONARD (#559290)

VERSUS                                    CIVIL ACTION

SHERIFF WILLIE GRAVES, ET AL              NUMBER 10-485-FJP-SCR


MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate currently confined at Richwood Correctional Center, Monroe, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Livingston Parish Sheriff Willie Graves, deputies Lance, Ray and Hibbard, and the Livingston Parish Sheriff's Department.  Plaintiff alleged that his personal property was stolen in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);

*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that he has been deprived of his property without due process of law. Random and unauthorized deprivations of property by state officials do not violate the federal constitution if an adequate post-deprivation state remedy exists. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984). Louisiana has ample remedies under which the plaintiff may proceed against the defendants for recovery of his property or for the reimbursement of its loss. *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984).

Plaintiff named the Livingston Parish Sheriff's Department as a defendant. Under Rule 17(b), Fed.R.Civ.P., the capacity to sue or be sued must be determined by the law of the state in which the district court is held. Under Louisiana law a parish sheriff, whether in his individual or official capacity, is the proper party

defendant.  It is also well settled under Louisiana law that a sheriff's department or office or the parish prison is not a separate legal entity capable of being sued.  *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665 668 (La. 1997); *Jenkins v. Jefferson Parish Sheriff's Office*, 385 So.2d 578 (La. App. 4th Cir. 1980).[1]

Because it is clear that the plaintiff's claim has no arguable basis in fact or in law, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Baton Rouge, Louisiana, July 26, 2010.

*[signature]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] *See, e.g., Kirk v. Cronvich*, 629 F.2d 404, 405 (5th Cir. 1980), *overruled on other grounds, Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379 (1986).